UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA MALDONADO, a minor, by and through guardian ad litem Sarahi Solis, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STEPHEN ERNEST CROFTON,<br><br>　　　　Defendant. | Case No. 1:24-cv-00991-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFFS TO FILE PETITION FOR APPROVAL OF MINOR'S COMPROMISE TO INCLUDE PROOF OF APPROVAL OF SETTLEMENT BY STATE COURT PURSUANT TO LOCAL RULE 202(b)<br><br>(Doc. 5)<br><br>**21-DAY DEADLINE** |

On March 4, 2024, Plaintiffs Rafael Maldonado, Sarahi Solis, and minor Natalya Maldonado, through her *guardian ad litem* Sarahi Solis ("Plaintiffs"), initiated this action with the filing of a complaint in state court, asserting claims against Defendant Stephen Ernest Crofton arising out of a vehicle collision. (Doc. 1-1 at 22-28). On August 21, 2024, Defendant removed the action to this Court. (Doc. 1). The parties filed a notice of settlement on November 8, 2024 and the Court directed the parties to file dispositional documents. (Doc. 5).

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests

1

of the minor.'"  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise."  L.R. 202(b). Local Rule 202(b)(1) provides as follows:

> "In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing."

L.R. 202(b)(1).

As summarized above, this case was removed from state court on the basis diversity jurisdiction (Doc. 1) and the Court does not possess exclusive jurisdiction.  *See, e.g., Zora Analytics, LLC v. Sakhamuri*, No. 13-CV-00639 JM WMC, 2014 WL 1289450, at 5 (S.D. Cal. Mar. 27, 2014) (noting that "state courts and federal courts share concurrent jurisdiction over diverse actions").

The minor party is represented by a *guardian ad litem* pursuant to order by the state court. (Doc. 1-1 at 59-60).  It follows that, as required by Local Rule 202(b)(1), the settlement of the case must first be approved by the state court with jurisdiction over the appointed representative. Following approval, a copy of the order from the state court, as well as all supporting documents filed in connection therewith, must be filed in this Court, with a service copy to all parties.  *See Life Ins. Co. of Sw. v. Mua*, No. 1:22-CV-00075-ADA-EPG, 2023 WL 2412971, at 3 (E.D. Cal. Feb. 1, 2023), report and recommendation adopted sub nom. *Life Ins. Co. of the Sw. v. Mua*, No. 1:22-CV-00075-ADA-EPG, 2023 WL 2587993 (E.D. Cal. Mar. 21, 2023) ("Nevertheless, the settlement falls within the scope of Local Rule 202(b)(1), which requires state court approval of the settlement before it is submitted to this Court for approval.  This Court does not have 'exclusive jurisdiction' over the claims in this case …").  Accord *Primerica Life Ins. Co. v. Cassie*, No. CIV. 2:12-1570 WBS, 2013 WL 1705033, at 1 (E.D. Cal. Apr. 19, 2013) (noting in interpleader action concerning death benefits that

state court first approved minor's settlement agreement under Local Rule 202(b)(1)); *K.B. v. Garfield Beach CVS, LLC*, No. 1:19-CV-00507-AWI-BAM, 2020 WL 4916421, at 2 (E.D. Cal. Aug. 21, 2020) (noting state court's initial approval of minor's settlement in compliance with Local Rule 202(b)(1)); *Sykes v. Shea*, No. CV 2:16-2851 WBS GGH, 2018 WL 2335774, at 1 (E.D. Cal. May 23, 2018) (same in case involving vehicle collision).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that, within 21 days of the date of entry of this order, Plaintiffs SHALL FILE either (1) a petitioner for approval of minor's compromise that includes a copy of the state court order and all supporting and opposing documents filed in connection therewith approving the minor's compromise (see Local Rule 202(b)(1)), or, if no such state court order then is obtained, (2) a status report updating this Court on the anticipated time frame for approval by the state court of the compromise.

IT IS SO ORDERED.

Dated:   **December 5, 2024**

UNITED STATES MAGISTRATE JUDGE