UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA MALDONADO, a minor, by and through guardian ad litem Sarahi Solis, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN ERNEST CROFTON,<br><br>Defendant. | Case No. 1:24-cv-00991-JLT-CDB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE SUPPORTING AND OPPOSING DOCUMENTS RELATED TO APPLICATION FOR APPROVAL OF SETTLEMENT BY STATE COURT PURSUANT TO LOCAL RULE 202(b)<br><br>(Doc. 15)<br><br>**5-DAY DEADLINE** |

On March 4, 2024, Plaintiffs Rafael Maldonado, Sarahi Solis, and minor Natalya Maldonado, through her *guardian ad litem* Sarahi Solis ("Plaintiffs"), initiated this action with the filing of a complaint in state court, asserting claims against Defendant Stephen Ernest Crofton arising out of a vehicle collision. (Doc. 1-1 at 22-28). On August 21, 2024, Defendant removed the action to this Court. (Doc. 1).

Following their filing of a notice of settlement, on December 5, 2024, the Court directed the parties to file a petition for approval of minor's compromise that includes a copy of the state court order "and all supporting and opposing documents filed in connection therewith" approving the minor's compromise, or, if no such state court order then had been obtained, a status report updating this Court on the anticipated time frame for approval by the state court of the compromise. (Doc. 8 at 2-3) (citing Local Rule 202(b)(1)) (emphasis added).

1

In response to the Court's order, on March 14, 2025, Plaintiffs filed a notice attaching proof of approval by the state court of the parties' compromise.  (Doc. 15).

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b).  In particular, Local Rule 202(b)(1) provides as follows:

> "In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law … the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order *and all supporting and opposing documents* filed in connection therewith shall be filed in the District Court with a copy to all parties …"

L.R. 202(b)(1) (emphasis added).

**Discussion**

In its prior order requiring Plaintiffs to file a petition for approval of minor's compromise with proof of approval by the state court, the Court advised Plaintiff that, following approval, "a copy of the order from the state court, *as well as all supporting documents filed in connection therewith*, must be filed in this Court, with a service copy to all parties." (Doc. 8 at 2) (emphasis added).  The Court reminded Plaintiffs of their obligation in its subsequent minute orders.  (*See* Docs. 10, 16).

Here, Plaintiffs have attached proof of state court approval but failed to provide all supporting and opposing documents in connection therewith.  Accordingly, the Court will order Plaintiffs to file in this action all such supporting and opposing documents related to the approval of the minor's compromise in state court.

///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that, within five (5) days of the date of entry of this order, Plaintiffs SHALL FILE all supporting and opposing documents filed in state court in connection with the state court's approval of the minor's compromise (*see* Local Rule 202(b)(1)).

IT IS SO ORDERED.

Dated:   **March 17, 2025**

UNITED STATES MAGISTRATE JUDGE

3