UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MALDONADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN ERNEST CROFTON,<br><br>Defendant. | Case No. 1:24-cv-00991-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO APPROVE MINOR'S COMPROMISE AND TO DIRECT CLERK OF THE COURT TO CLOSE THE CASE<br><br>(Docs. 7, 15, 18)<br><br>**14-DAY DEADLINE** |

Plaintiffs Rafael Maldonado, Sarahi Solis, and minor Plaintiff Natalya Maldonado, through guardian *ad litem* Solis, initiated this action in state court with the filing of a complaint on March 4, 2024, against Defendant Stephen Ernest Crofton. *See* (Doc. 1 at 2, ¶ 1; Doc. 1-1 at 22-28).[1]  Defendant removed the action to this Court based on diversity jurisdiction on August 21, 2024.  (Doc. 1).  Plaintiffs' claims relate to personal injuries sustained in connection with their involvement in a traffic collision with a vehicle operated by Defendant.  (Doc. 1-1 at 24-25).

On November 8, 2024, Plaintiffs filed a notice of settlement representing that all claims among the parties are resolved.  (Doc. 5).  Upon the Court's order to timely file dispositional documents (Doc. 6, *citing* Local Rule 160(b)), Plaintiffs filed a notice of voluntary dismissal on December 4, 2024.  (Doc. 7).  However, because the claims settled involve a minor, the Court ordered Plaintiffs to file a petition for approval of minor's compromise as well as proof that the state court that appointed the *guardian ad litem* had approved of the settlement, consistent with Local Rue 202(b).  (Doc. 8).

After two extensions of time (Docs. 10, 13), Plaintiffs filed a notice of compliance,

---

[1] The Court refers herein to the pagination identified in the CM/ECF header of Doc. 1-1.

1  attaching the state court order approving the settlement, but without other required
2  documentation. (Doc. 15). The Court ordered Plaintiff to file all supporting documents filed in
3  connection with the state court's approval of the settlement (Doc. 17); Plaintiffs filed these
4  required documents on March 24, 2025 (Doc. 18). Having considered the state court
5  documentation, the terms of the settlement, and the record of this matter, the undersigned will
6  recommend that the petition for minor's compromise be approved.[2]

**I.     Background**

Plaintiffs' complaint asserts claims sounding in general negligence based on injuries and property damage they sustained following a collision between Plaintiffs' passenger sedan and Defendant's large recreational vehicle. The complaint alleges that, on April 16, 2022, Defendant ran a red light out of exit 20 of the Golden State Highway at an unreasonable rate of speed for the traffic conditions present, making a wide right turn onto the leftmost lane on the eastbound side of Panama Lane, California Highway 99, in Bakersfield, California, sideswiping Plaintiffs' vehicle on its passenger side, resulting in bodily injuries to Plaintiffs Rafael Maldonado and Sarahi Solis, and damage to the vehicle. (Doc. 1-1 at 24-25). At the time of the collision, Solis was pregnant with minor Plaintiff Natalya Maldonado, yet unborn, who was unharmed. (Doc. 18 at 11, 32). Shortly after commencement of the state court suit, on March 11, 2024, the state court approved the appointment of Solis as *guardian ad litem* for minor Plaintiff Natalya Maldonado. (Doc. 1-1 at 36-37).

On March 13, 2025, the state court approved Plaintiffs' amended petition for minor's compromise as to Natalya Maldonado, including an amount of $4,999.00, minus attorney's fees in the amount of $1,249.75 and reimbursement for costs in the amount of $550. (Doc. 18 at 53-56). Accordingly, the proposed settlement funds to be awarded to minor Plaintiff is $3,199.25. (*Id.* at 55). As part of the settlement, Solis shall receive $1,000,000.00 and Rafael Maldonado shall receive $495,001.00, minus attorney's fees of 45% each. (Doc. 18 at 12, 16). Accordingly,

---

[2] The Court notes that the parties have not filed a stand-alone petition for minor's compromise and rely entirely on the fully executed agreement and related pleadings in the parallel state court proceeding. As such, the undersigned construes Plaintiffs' notices with attached state court pleadings as a petition for minor's compromise. (Docs. 15, 18).

2

the proposed settlement funds to be awarded to Solis and Rafael Maldonado, respectively, are $550,000.00 and $272,250.55.

Plaintiffs attached as an exhibit to their state court petition the signed settlement agreement and release, entered into on October 16, 2024. (*Id.* at 22). The settlement agreement references both the underlying state action and the instant action. (*Id.*). It provides for awards to each Plaintiff in the same amount as stated in the state court petition. Payment is to be made by check to Plaintiffs' counsel's client trust account. (*Id.* at 23-24, 29). Plaintiffs, Defendant, and Defendant's insurance providers are to each bear their own attorney's fees and costs. (*Id.* at 25). The award to the minor Plaintiff will then be paid to Plaintiff Sarahi Solis, her mother and *guardian ad litem*. (*Id.* at 46).

As to the reasoning for the apportionment of settlement payments between each Plaintiff, Plaintiffs in their petition provide that the "apportionment of the settlement amounts for each party was based on the medical specials, extent of injuries and overall recovery of each party individually and independent from another." (*Id.* at 30). Plaintiff's counsel declared that the adult Plaintiffs sustained serious injuries in the collision and minor Plaintiff was unharmed, and noted that the case involved formal litigation, discovery, substantial case development, and extensive negotiation. (*Id.* at 32).

Plaintiffs also attached to their petition the operative contingency fee agreement. (*Id.* at 35-38). It sets forth that Plaintiffs pay no initial deposit and that counsel will receive no fee unless there is a financial recovery, with Plaintiffs responsible for all costs and expenses. (*Id.* at 35). The agreement provides for a four-level scale regarding the applicable percentage of attorney's fees: 1) if settlement before a lawsuit is filed or arbitration demanded, 33.33%; 2) after 120 days from the execution of the fee agreement, 40%; 3) if a lawsuit filed, 45%; 4) and if a jury is called, 50%. (*Id.* at 36).

## II. Governing Law

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). Under Local Rule 202(b)(1), unless the United States courts have exclusive jurisdiction:

3

>   the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.

Local Rule 202(b)(1).

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected." *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL 991048, at *4 (E.D. Cal. Feb. 28, 2019). Among other things, a court reviewing a proposed minor's compromise must "determine whether the *net amount* distributed to each minor plaintiff in the proposed settlement is fair and reasonable." *Robidoux*, 638 F.3d at 1179 (emphasis in original). The Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard to the proportion of the total settlement value designated for … plaintiffs' counsel." (*Id.* at 1182). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." (*Id.*). However, the Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." (*Id.* at 1179 n.2).

"District courts are split on whether *Robidoux* applies when evaluating the propriety of a settlement of a minor's state law claims." *A. M. L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). Courts in this district ordinarily find that, where a settlement involves state law claims, their review is guided by state law. *E.g., E.P. by and through Hernandez-Disla v. Tehachapi Unified Sch. Dist.* No. 1:23-cv-01724-CDB, 2025 WL 832808, at *4 (E.D. Cal. Mar. 17, 2025) (citation omitted); *Holgerson*

1    *v. L&L Trucking LLC*, No. 2:22-CV-01934-DAD-AC, 2024 WL 584081, at *2 (E.D. Cal. Feb.

2    13, 2024) (same); *see Knupp v. Amazon.com Servs.*, LLC, No. 1:23-CV-01112-KES-BAM, 2025

3    WL 559687, at *3 (E.D. Cal. Feb. 20, 2025) (collecting cases).  A court need not resolve whether

4    *Robidoux* or state rules apply when a proposed settlement would satisfy both standards.  *See*

5    *Martinez v. Venegas*, No. 23-CV-0130-CAB-BGS, 2023 WL 5811837, at *2 (S.D. Cal. Sept. 7,

6    2023).

7          "California law requires court approval of a settlement for a minor and attorney's fees to

8    represent a minor.  Reasonable expenses and court costs to be paid out of the settlement also must

9    be approved by the court."  *Knupp,* 2025 WL 559687, at *3 (citing Cal. Prob. Code §§ 3601,

10   3601(a); Cal. Fam. Code § 6602).  "Under California state law, a minor's compromise of state

11   law claims requires the court to evaluate the reasonableness of the settlement and determine

12   whether the compromise is in the best interests of the minor."  *E.P*, 2025 WL 832808, at *4.

13   **III.   Discussion**

14         The Court notes that the settlement agreement is unopposed and has been approved by the

15   Honorable Thomas S. Clark of the Superior Court of California, County of Kern.  (Doc. 18 at 56).

16   The proposed settlement provides the minor Plaintiff an amount that is a small fraction of the

17   awards for the two adult Plaintiffs.  (*Cf. id. with id.* at 23).  Plaintiffs did not support their petition

18   with the filing of any medical documentation or otherwise regarding their claimed injuries.  (*See*

19   *generally* Doc. 18).  However, Plaintiffs' petition and counsel's attached declaration both

20   represent that minor Plaintiff is the child of adult Plaintiffs and was unborn at the time of the

21   accident.  Additionally, they represent that minor Plaintiff was unharmed in the collision.  (*See id.*

22   at 11, 32).  In light of these representations, the vastly lesser settlement value to minor Plaintiff as

23   compared to the adult Plaintiffs appears reasonable.  *See Holgerson*, 2024 WL 584081, at *3

24   (finding reasonable that minor plaintiffs received a significantly lower award than adult plaintiffs

25   arising from vehicle collision where record showed minor plaintiffs suffered only minor injuries).

26         The state court approved an attorney's fees award in the amount of $1,249.75 from minor

27   Plaintiff, to be paid from the $4,999.00 settlement award.  (*See* Doc. 15).  The attorney's fees,

28   thus, amount to 25% of the total award to minor Plaintiff, with the net amount of the award as

1  $3,199.25 (due to the further $550 in costs). Attorney's fees are 45% of the adult Plaintiffs'
2  awards, amounting to $450,000.00 and $222,750.45, from Sarahi Solis and Rafael Maldonado
3  respectively. The total attorney's fees, thus, amount to 44.93% of the total award of
4  $1,500,000.00.

5  In the Eastern District of California, 25% of the minor's recovery generally is accepted as
6  the benchmark for attorney's fees in contingency cases involving minors. *See Chance v.*
7  *Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal.
8  June 29, 2016) (collecting cases). Under California law, courts are required to approve the
9  attorney's fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; *see also L.J.*
10 *by & through Johnson v. Amazon.com, Inc.*, No. 23-CV-01662-TWR-JLB, 2024 WL 5098221, at
11 *4 (S.D. Cal. Dec. 12, 2024) (noting that, for district courts applying California law, attorney's
12 fees for representation of a minor historically have been limited to 25% of the gross recovery).

13 The Court finds that, under both *Robidoux* and state law, the attorney's fees sought here
14 are fair. Plaintiff's counsel declared that the case involved formal litigation, discovery,
15 substantial case development, and extensive negotiation. (Doc. 18 at 32). The adult Plaintiffs
16 signed a contingency fee agreement, according to which, if a lawsuit were filed, attorney's fees
17 were to be 45%. (*Id.* at 36). Due to these facts, and the fact that it is the adult Plaintiffs who are
18 to pay the higher percentage in attorney's fees, the undersigned does not disapprove of the
19 settlement due to the amount of attorney's fees to be paid by adult Plaintiffs Sarahi Solis and
20 Rafael Maldonado. *See Holgerson*, 2024 WL 584081, at *3; *see also Velez v. Bakken*, No. 2:17-
21 CV-960 WBS KJN, 2019 WL 358703, at *2 (E.D. Cal. Jan. 29, 2019) (finding attorney's fees of
22 40% of net recovery reasonable where action taken on contingency and fee agreement set forth
23 40%, as well as other factors including counsel's experience, time spent, and risk assumed on
24 contingency representation).

25 Plaintiffs' counsel also seeks reimbursement for costs in the amount of $550 from minor
26 Plaintiff's award. (Doc. 18 at 54). Neither the petition nor the state court order granting the
27 petition sets forth the particulars of these costs. (*Id.* at 14, 54). It appears they are not related to
28 medical expenses. (*Id.* at 14, 20). In light of the circumstances of the case, including the

6

1 relatively low monetary amount of the costs, the lack of harm to minor Plaintiff from the
2 collision, and the declaration of counsel as to the tasks undertaken, the undersigned will not
3 disapprove of the settlement due to the unverified costs to be paid from minor Plaintiff's award.
4 *See Garcia v. Yuba County Sheriff's Dep't*, No. 2:19-CV-02621-KJM-DB, 2024 WL 4454036, at
5 *3 (E.D. Cal. Sept. 6, 2024) (finding costs appropriate despite no information provided regarding
6 time expended or specific tasks undertaken, based on representations of counsel regarding
7 litigation expenses) (citing *Garcia v. Cnty. of Kern*, No. 1:20-cv-0093 NONE JLT, 2021 WL
8 3674519, at *5 (E.D. Cal. Aug. 19, 2021) (same)).
9      Lastly, in the state court petition, counsel for Plaintiffs satisfies the requirements of Local
10 rule 202 in representing that he did not become involved with this matter at the insistence of a
11 party against whom the claim is asserted or any such party's insurance carrier and has not
12 received compensation other than that requested in the petition. (Doc. 18 at 16).  Payment will be
13 made to minor Plaintiff's *guardian ad litem* and mother Sarahi Solis, who is also a Plaintiff in this
14 action. (*Id.* at 55).
15      In sum, the Court finds the proposed settlement amounts to be fair, reasonable, and in the
16 best interests of the child when compared to those approved in other cases independently
17 identified by the undersigned.  *See, e.g.*, *Collins v. United States*, No. 2:20-cv-02458-JAM-DMC,
18 2022 WL 3969552 (E.D. Cal. Aug. 31, 2022) (finding appropriate $1,500 for each of three minor
19 plaintiffs and $25,500 for adult plaintiff, minus 25% as attorney's fees and reimbursement for
20 related medical liens, where plaintiffs alleged that a park ranger caused a motor vehicle collision
21 when turning a corner on a dirt road); *De La Cruz v. U.S. Postal Serv.*, No. 1:08-cv-0018-OWW-
22 DLB, 2010 WL 319670 (E.D. Cal. Jan. 20, 2010) (finding appropriate $5,000 for each of two
23 minor plaintiffs, minus 25% as attorney's fees, in a motor vehicle collision where both minor
24 plaintiffs made a full recovery), *report and recommendation adopted* (Feb. 17, 2010); *Holgerson*,
25 2024 WL 584081 (finding appropriate $15,000 for each of two minor plaintiffs and $479,516.94
26 and $478,516.94 for two adult Plaintiffs, minus 33% as attorney's fees to be paid only from adult
27 plaintiffs' awards, in a motor vehicle collision where minor plaintiffs' suffered minor injuries).
28 ///

**IV.     Conclusion and Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that the petition to approve settlement of the minors' compromise (Docs. 15, 18) be APPROVED IN FULL and that, consistent with the parties' stipulation for dismissal with prejudice (Doc. 7), the Clerk of the Court be directed to terminate this action (*see* Fed. R. Civ. P. 41(a)(1)(A)(ii)).

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 23, 2025**                                        _____
                                                                                    UNITED STATES MAGISTRATE JUDGE